[No. 9101.   Department One.   April 17, 1911.]

## ALEXANDER PANTAGES, *Respondent*, v. SEATTLE ELECTRIC COMPANY, *Appellant*.[1]

EVIDENCE—PHOTOGRAPHS—IDENTIFICATION—NECESSITY.   Upon the second trial of a cause, it is error to admit in evidence a newspaper photograph of the scene of the accident upon the statement of the trial judge that he recognized it as a duplicate of an exhibit used on the former trial and identified by evidence on the former trial, where there was no evidence identifying the same as a duplicate of the exhibit in question, and it was concededly not such duplicate.

APPEAL AND ERROR—REVIEW—RECEPTION OF EVIDENCE—MISCONDUCT OF JUDGE—PREJUDICE.   The erroneous admission of an unidentified photograph of the scene of the accident is so prejudicial as to require a reversal, where undue prominence was given to it by statements of the trial judge declaring it to be identical with an exhibit used on a former trial, when it was not, and manifesting uncalled for feeling and accusing appellant's counsel with bad faith.

STREET RAILROADS—COLLISION WITH AUTOMOBILE—USE OF STREETS—INSTRUCTIONS.   In an action for damages to an automobile in a collision with a street car, it is proper to refuse instructions to the effect that the owner of the automobile could not recover if the automobile was being operated on the street car tracks at a time when it was unnecessary to do so and when a car might be expected at any time; since he may lawfully use any part of the street convenient for his use, if not in the immediate use of another.

Appeal from a judgment of the superior court for King county, Gay, J., entered April 13, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages sustained through the collision of an automobile and a street car.   Reversed.

*James B. Howe* and *Hugh A. Tait*, for appellant.
*John E. Ryan* and *E. M. Stanton*, for respondent.

FULLERTON, J.—The appellant owns and operates a street railway system in the city of Seattle.   The respondent owns an automobile, and while being driven therein, collided with

[1]Reported in 114 Pac. 1044.

one of the appellant's cars. The effect was to demolish the automobile and slightly injure the respondent. This action was brought to recover damages for the injury suffered. There was a former trial of the cause in which the respondent recovered a judgment, which, on appeal to this court, was set aside for errors occurring at the trial. *Pantages v. Seattle Elec. Co.*, 55 Wash. 453, 104 Pac. 629. After the cause had been remanded, a second trial was had, which also resulted in a verdict and judgment for the respondent. This appeal is from the last mentioned judgment. The errors assigned will be noticed in their order.

On the first trial a Mrs. Goss was called as a witness on behalf of the respondent, and after testifying to having been a witness to the collision, gave a detailed description of the manner of its occurrence as it appeared to her. She further testified that, some time after the accident, while she was standing in the doorway of her residence, some one took a photograph of the wrecked automobile. She did not know who took the photograph and never saw it after it was taken, but was shown a newspaper clipping containing a picture of what purported to be a scene of the wreck, and said that it was a reasonably correct representation of the scene as she remembered it. On the second trial Mrs. Goss could not be produced as a witness, and counsel stipulated that the testimony she gave on the former trial might be read to the jury from the record of that trial, subject to all legal objections. While her testimony was being read, it was discovered that the clipping which the witness identified was not with the record from which the counsel conducting the trial was reading, but was in fact among the files of the appellate court, having been sent there as a part of the record on the former appeal. Counsel thereupon produced a clipping from a newspaper showing a picture of a wrecked automobile, and offered it in evidence as being similar to the picture identified by the witness in her testimony given at the former trial. To the offer counsel for the appellant objected, whereupon counsel

for the respondent stated that he would supplement the offer by further proof. He then called one E. M. Stanton as a witness, when the following occurred:

"Q. (By Mr. Ryan, counsel for respondent). You are an attorney at law? A. Yes, sir. Q. I will ask you Mr. Stanton, to examine this instrument marked 'Plaintiff's Exhibit B for Identification,' and tell the court and jury whether or not you have seen that before. A. I cut this out from the issue of the evening Times of December 4, 1907. Mr. Ryan. I will ask the court to examine this, as the court has in mind the other exhibit. The Court. I remember the other exhibit and this is simply the same thing that was admitted on the other trial. Mr. Tait (Counsel for appellant). There is no proof of that, your honor. The Court. The court says it is so. Mr. Ryan. Let the record show that the exhibit was passed to the court for his examination. The Court. The court says he remembers it was the one on the other trial. Mr. Tait. Now, if your honor please, I desire to reserve an exception to your honor's statement that this is the same photograph that was—or rather cutting from the newspaper that was received on the other trial. The Court. That is all right; you can impeach the court if you want to; you will have that opportunity given you. Mr. Tait. I have not any such idea as that in mind at all. The Court. I know it is the same one. I don't care a snap. Mr. Tait. My objection to its introduction is overruled? The Court. Yes. Mr. Tait. I may be permitted to have an exception? The Court. Yes. Furthermore, you know it is the same one. (Paper received in evidence and marked 'Plaintiff's Exhibit B.')"

The appellant complains not only of the ruling of the judge in admitting the newspaper cut in evidence, but of his conduct and remarks when making the ruling. It has seemed to us that the complaint is just. It is manifest that the newspaper cut was not admissible as evidence in the connection in which it was offered. It was not the cut identified by the witness at the former trial from whose testimony counsel was reading, nor was it shown to be a cut taken from the same edition of the newspaper from which the other was taken. Had it been shown to be so taken and an exact duplicate of the cut

6—63 wash.

identified by the witness, no serious objection could have been urged to its admission. But unless it was shown to be the one originally identified by the witness, or an exact duplicate of such original, it could not properly be admitted in evidence. Counsel argue, however, that it was a matter which the court could judicially know, since a court may "assume judicial knowledge of facts which he has learned . . . at an earlier hearing of the same case." But conceding that this rule is applicable to an instance of this kind, it cannot be said that the judge presiding at this trial learned at the first trial that this particular cut was a duplicate of the one there identified by the witness. That question did not arise at the first trial. No duplicate of the document identified by the witness was sought to be introduced. That question arose for the first time on the last trial, and no opportunity had been afforded the court to know judicially that the one newspaper cut was a duplicate of the other. Moreover, although the judge may have meant otherwise, he did not identify the instrument as a duplicate of the original introduced at the other trial. He stated that it was "the one on the other trial," "I know it is the same one." "Furthermore, you [addressing counsel] know it is the same one." That it was not the same one is now confessed on all sides.

Counsel argue further, however, that the wrongful admission of the picture in evidence is so far immaterial that it ought not to be regarded as reversible error, since there is nothing tending to show directly that the appellant's case was prejudiced thereby. Were the erroneous admission of the instrument alone in question, we would be inclined to accept this view, as the cause has been twice tried to a jury with practically the same result, but we cannot overlook the comments of the court when making the ruling complained of. We fear these remarks made the error prejudicial by bringing the question at issue into too great prominence. The record not only shows that the judge manifested a feeling seemingly uncalled for by the very mild protests made by

counsel, but went further and accused counsel of bad faith, when counsel was entirely right in his contention and the judge wholly in error. This we think was so far prejudicial as to require a new trial.

Of the instructions requested by the appellant, the only one necessary to be specially noticed is the following:

"You are further instructed that if you find that the automobile, prior to the accident, was being operated upon the track upon which defendant's car was being operated at a time when it was unnecessary so to do, and at a time when a car coming in the opposite direction might be expected at any moment, and you further find that the fact that the automobile was being operated upon such track contributed to the injury, without which the same would not have happened, and was also open and apparent to the plaintiff, then you are instructed that the plaintiff was guilty of such contributory negligence as to bar his recovery, and your verdict must be for the defendant."

We think the refusal to give the instruction was not error. To announce the rule therein defined as law would be to hold that nothing but necessity would justify the use of that part of a street covered by street car tracks while the line was being operated. This is not the rule. A traveler on a public street may lawfully use any part of the street he pleases when the same is not in the immediate use of another, even though there is no other requirement for him so to do than that of convenience. He must realize, of course, that in so far as street cars are concerned, they can travel over only a given space, and that he must avoid this space on the approach of a car. But his right to use any part of the street, when not in use by a car, is not to be governed by the question of necessity.

For the error mentioned, the judgment is reversed and a new trial awarded.

DUNBAR, C. J., MOUNT, PARKER, and GOSE, JJ., concur.